TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

|  |  |  |
|---|---|---|
| OPINION | : | No. 91-402 |
| of | : | |
| | : | July 7, 1991 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| RODNEY O. LILYQUIST | : | |
| Deputy Attorney General | : | |
| | : | |

---

THE HONORABLE PHILLIP ISENBERG, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

Are state agencies and departments required to utilize the services of the State Compensation Insurance Fund for the adjustment and disposition of claims for workers' compensation?

CONCLUSION

State agencies and departments are required to utilize the services of the State Compensation Insurance Fund for the adjustment and disposition of claims for workers' compensation unless such services cannot be satisfactorily, adequately, or competently performed by the State Compensation Insurance Fund.

ANALYSIS

The question presented for analysis concerns state agencies and departments that have chosen not to be insured for workers' compensation coverage. (See Lab. Code, § 3700; Ins. Code, § 11870.)[1] If one of their employees is injured and files a claim for workers' compensation, the agency or department must necessarily deal with the claim in some fashion. One apparent possibility would be for the agency or department to use its own employees to investigate and determine the amount of compensation that it should pay. It could also obtain these services from the State Compensation Insurance Fund ("Fund") under an agreement with the Department of Personnel Administration. (§ 11871.) The Fund is "organized as a public enterprise fund" (§ 11773) to transact "workers' compensation insurance, and insurance against the expense of defending any suit for serious and willful misconduct, against an employer or his or her agent, and insurance to

---

[1]All section references are to the Insurance Code unless otherwise specified.

employees and other persons of the compensation fixed by the workers' compensation laws for employees and their dependents" (§ 11770).

The precise issue to be resolved here is whether a state agency or department is required to utilize the services of the Fund or may it contract with a private insurance company to render adjustment and disposition services. We conclude that it generally would be required to obtain adjustment and disposition services from the Fund.

In analyzing this question, we first note the provisions of section 11871 for obtaining adjustment and disposition services from the Fund. Section 11871 states in part:

> "The State Compensation Insurance Fund may enter into a master agreement with the Department of Personnel Administration to render services in the adjustment and disposition of claims for workers' compensation to any state agencies, including any officer, department, division, bureau, commission, board or authority, not insured with the fund.

> "The master agreement shall provide for rendition of services at a uniform rate to all agencies, except that the rate for the California Highway Patrol may be fixed independently of the uniform rate.

> "The fund may, in accordance with the agreement, adjust and dispose of claims for workers' compensation made by an officer or employee of any state agency not insured with the fund.

> "The fund may make all expenditures, including payment to claimants for medical care or for adjustment or settlement of claims, necessary to the adjustment and final disposition of claims. The agreement shall provide that the state agency whose officer or employee is a claimant shall reimburse the fund for the expenditures and for the actual cost of services rendered."

Section 11871 does not contain a prohibition against contracting with a private insurance company for the rendering of adjustment and disposition services. We find nothing in the statute making its terms mandatory on all state agencies and departments. Under section 11870, a state agency or department may contract with a private company for workers' compensation insurance coverage if the Fund refuses to issue the insurance. If insurance coverage may be obtained from a private company under the terms of section 11870, would not such coverage reasonably include adjustment and disposition services? We believe that it would.

With respect, then, to the general authority of a state agency or department to contract for various services, Government Code section 19130 provides in relevant part:

> "(a) Personal services contracting is permissible to achieve cost savings when all the following conditions are met:

>> "(1) The contracting agency clearly demonstrates that the proposed contract will result in actual overall cost savings to the state
. . . .

>> ". . . . . . . . . . . .

"(3)  The contract does not cause the displacement of civil service employees. . . .

    ". . . . . . . . . . .

    "(11)  The potential economic advantage of contracting is not outweighed by the public's interest in having a particular function performed directly by state government.

    "(b)  Personal services contracting also shall be permissible when any of the following conditions can be met:

    ". . . . . . . . . . . .

    "(3)  The services contracted are not available within civil service, cannot be performed satisfactorily by civil service employees, or are of such a highly specialized or technical nature that the necessary expert knowledge, experience, and ability are not available through the civil service system."

Government Code section 19130 codifies a number of judicially imposed conditions developed over the years in cases examining services contracts in light of the creation of the state civil service in the California Constitution. (*California State Employees' Assn.* v. *State of California* (1988) 199 Cal.App.3d 840, 845.)  Article VII of the Constitution includes within the state civil service system "every officer and employee of the state except" as specifically exempted.  In *California State Employees' Assn. v. State of California, supra,* 199 Cal.3d 840, 844, the court explained:

"Decisional law interprets article VII as a restriction on the `contracting out' of state activities or tasks to the private sector.  [Citations.]  The restriction does not arise from the express language of article VII.  [Citation.]  `Rather, it emanates from an implicit necessity for protecting the policy of the organic civil service mandate against dissolution and destruction.'  [Citation.]"

As set forth in the cases and Government Code section 19130, "an established exception to the mandate of civil service exists where the nature of the services in question is such they cannot be performed `adequately or competently or satisfactorily' by employees selected through civil service." (*California State Employees' Assn. v. State of California, supra,* 199 Cal.3d 840, 851; see *Burum v. State Compensation Ins. Fund* (1947) 30 Cal.2d 575, 582; *State Compensation Ins. Fund v. Riley* (1937) 9 Cal.2d 126, 134-136.)  While this exception is expressly contained in subdivision (b) of the statute, it "is an implicit part of subdivision (a)." (*California State Employees' Assn. v. State of California, supra,* 199 Cal.3d 840, 852; see 73 Ops.Cal.Atty.Gen. 95, 101 (1990).)  Although "at some point a service which is more costly when performed under civil service than when contracted out may on that account be one which cannot be performed satisfactorily, adequately or competently" (*California State Employees' Assn. v. State of California, supra,* 199 Cal.App.3d 840, 851), the requisite cost savings must come from such factors "`as economies of scale, superior technology or lower overhead costs'" rather than from wage rates that are significantly lower than state pay rates (*California State Employees' Assn. v. State Personnel Board* (1986) 178 Cal.3d 372, 381).

One other statutory scheme merits discussion in resolving the question presented. Public Contract Code sections 10335-10354 govern "all contracts entered into by any state agency

for services to be rendered to the state . . . ." (Pub. Contract Code, § 10335.) With certain exceptions, this statutory scheme requires state contracts for services to be approved by the Department of General Services and subjects them to controls established by the Department of Finance and the State Personnel Board. (Pub. Contract Code, §§ 10335-10377, see *California State Employees' Assn. v. State of California*, *supra*, 199 Cal.3d at 852-853; 74 Ops.Cal.Atty.Gen. 10, 12-14 (991).)[2]

Here, the Fund is available and providing adjustment and disposition services to state agencies and departments, either as part of its insurance coverage (§ 11870) or under contract with the Department of Personnel Administration (§ 11871). Accordingly, we conclude that an agency or department is required to utilize the services of the Fund in the adjustment and disposition of claims unless it is established that the Fund is not performing "adequately, competently or satisfactorily." Only then may these services be rendered for the agency or department by a private insurance company.

\* \* \* \* \*

---

[2]A separate statutory scheme, Public Contract Code sections 10355-10382, governs consulting services contracts and has essentially the same requirements. (See Pub. Contract Code, §§ 10360-10363; California State Employees' Assoc. v. State of California, supra, 199 Cal.3d 840, 852-853, fn. 5; 73 Ops.Cal.Atty.Gen. 95, 102, fn. 4 (1990).)